428 S.E.2d 773

**Rebecca BOWE, Plaintiff Below, Appellee,**

v.

**CHARLESTON AREA MEDICAL CENTER, INC., Defendant Below, Appellant.**

**No. 21176.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 19, 1993.

Decided March 26, 1993.

J. David Cecil, Cecil, Barth & Thompson, Charleston, for appellee.

Stephen A. Weber, Mary Jo Allen, Kay, Casto, Chaney, Love & Wise, Charleston, for appellant.

PER CURIAM:

This is an appeal by the Charleston Area Medical Center, Inc., from an order of the Circuit Court of Kanawha County awarding Rebecca Bowe, a former employee of the Charleston Area Medical Center, back wages, reinstatement, and damages for emotional distress and mental anguish for wrongful discharge from employment and for breach of contract. On appeal, the Charleston Area Medical Center contends, among other things, that the trial court erred in failing to direct a verdict for it since Ms. Bowe failed to establish a *prima facie* case for retaliatory or wrongful discharge and that the court erred in refusing to direct a verdict for it on Ms. Bowe's breach of contract claim insomuch as such claim was precluded by this Court's decision in *Suter v. Harsco Corp.*, 184 W.Va. 734, 403 S.E.2d 751 (1991). After reviewing the questions presented and the record, this Court agrees with the Charleston Area Medical Center's contentions. Accordingly, the judgment of the Circuit Court of Kanawha County is reversed.

The appellant, the Charleston Area Medical Center, Inc., employed Rebecca Bowe on an at-will basis as a nurse's aide in 1967. At the time of her employment, Ms. Bowe received a copy of the Charleston Area Medical Center's Employee Handbook. Revised editions of the handbook were also given to her over the years. The version of the handbook dated January 1, 1986, stated:

> Because of court decisions in some states, it has become necessary for us to make it clear that this handbook is not part of a contract, and no employee of the Medical Center has any contractual right to the matters set forth in this handbook. In addition, your employment is subject to termination at any time either by you or by the Medical Center.

In 1987, Ms. Bowe was assigned to the oncology unit at the Charleston Area Medical Center's Memorial Division. On January 26, 1990, while working in that unit, Ms. Bowe was requested to assist a patient in using a bedside commode. She assisted the patient in getting out of bed and getting on the commode and then left him. A number of minutes later, the patient was found on the floor, lying in a pool of congealed blood. He had a large cut on his forehead and had apparently fallen from the commode and hit his head against a sink. The patient died two days later.

Albert Orth, Personnel Director at the Memorial Division, was informed of the incident, and, after conducting an investigation, concluded that Ms. Bowe had been grossly negligent in not checking on the patient, or in not dispatching someone to check on the patient, within ten minutes after leaving him. Ms. Bowe was suspended, and, after further review of the matter, Mr. Orth authorized her termination in conformity with a handbook provision that made gross negligence a dischargeable offense at the Charleston Area Medical Center.

Subsequent to her termination, Ms. Bowe filed suit against the Charleston Area Medical Center in the Circuit Court of Kanawha County. She claimed that she was discharged, not for negligently causing an

injury to patient, but in retaliation for her making complaints about lack of patient care and patient neglect on the oncology unit. Her complaint, in essence, averred that there was a public policy in West Virginia which encouraged medical care personnel to complain about patient neglect and lack of care and that she was wrongfully discharged because she made complaints encompassed within this policy.

Following the filing of the complaint, the Charleston Area Medical Center moved for summary judgment on the ground that Ms. Bowe was an at-will employee and there was no public policy of the type which she advanced. The motion was denied during a pre-trial conference.

On the day of trial, Ms. Bowe moved to amend her complaint to allege an additional cause of action. The new claim was, in essence, that the Charleston Area Medical Center had published an employee handbook which established terms of her employment contract and that the handbook, *inter alia*, assured that employees would not suffer recrimination for using a grievance procedure outlined in the handbook. The amendment alleged Ms. Bowe had instituted grievances concerning the lack of patient care and patient neglect or abuse and further alleged that she had been discharged in retaliation for filing those grievances.

Ms. Bowe's case was tried before a jury, and in the course of the trial Ms. Bowe, who had previously indicated during the taking of a deposition that she had not filed such a grievance with the medical center's grievance committee, testified that she had filed a grievance about the lack of patient care under the Charleston Area Medical Center's grievance procedure. To counter this testimony, the Charleston Area Medical Center adduced the testimony of Ms. Hess, its head nurse, who indicated that, while Ms. Bowe at times complained about her personal situation and about how hard she had to work, she had not made complaints about inadequate patient care. Another employee, Anna Maxwell, the in-patient supervisor at the Memorial Division, whose job it was to respond to employee complaints, testified that Ms. Bowe had never made any complaint to her about inadequate patient care on the oncology unit. Further, Albert Orth, the personnel director for Ms. Bowe's division, testified that any complaints by Ms. Bowe had played no part in his decision to terminate Ms. Bowe and that there was nothing in her personnel file to indicate that she had filed a grievance over patient care.

The Charleston Area Medical Center also introduced evidence relating to the incident which led to Ms. Bowe's suspension and discharge. That evidence showed that on January 26, 1990, between 6:15 and 6:20 a.m., Ms. Bowe had assisted a patient in getting on a bedside commode, and a considerable time later, between 6:45 and 6:50 a.m., he had been found lying face down on the floor in a puddle of blood. The evidence indicated that there was a hospital policy which required that such patients not be left unattended for more than ten minutes. The clear import of the evidence adduced by the Charleston Area Medical Center was that Ms. Bowe had been discharged because of her neglect of a patient rather than because of any grievance on her part.

At the close of Ms. Bowe's case, as well as at the close of all the evidence in the case, the Charleston Area Medical Center moved for a directed verdict. The trial court denied the motions and allowed the case to go to the jury.

On August 1, 1991, at the conclusion of the trial, the jury returned a verdict for Ms. Bowe and awarded her $36,238.17 for lost wages and $15,000.00 for mental suffering and humiliation. On October 1, 1991, the circuit court entered an order implementing the jury's verdict and additionally awarded Ms. Bowe prejudgment interest in the amount of $5,218.30. The court also ordered the Charleston Area Medical Center to reinstate Ms. Bowe to her former position as a nurse's aide, with the restoration of all seniority and benefits.

■ In the present proceeding, the Charleston Area Medical Center claims that the trial court erred in refusing to grant its motion for a directed verdict since she

failed to prove a *prima facie* case for retaliatory discharge.

■ In *Harless v. First National Bank in Fairmont,* 162 W.Va. 116, 246 S.E.2d 270 (1978), this Court recognized that even though an employer normally has the right to discharge an at-will employee without showing justification for such discharge, such a discharge may be considered wrongful and in contravention of the law when the discharge is motivated by the employer's desire to contravene some substantial public policy. The Court summarized the rule in the syllabus of *Harless v. First National Bank in Fairmont, Id.,* as follows:

> The rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene. some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge.

■ Recently, in *Birthisel v. Tri–Cities Health Services,* 188 W.Va. 371, 424 S.E.2d 606 (1992), this Court explored the question of what constituted public policy giving rise to protection to an at-will employee. In syllabus point 2, the Court stated:

> To identify the sources of public policy for purposes of determining whether a retaliatory discharge has occurred, we look to established precepts in our constitution, legislative enactments, legislatively approved regulations, and judicial opinions.

The Court further explained in syllabus point 3 that:

> Inherent in the term "substantial public policy" is the concept that the policy will provide specific guidance to a reasonable person.

In the *Birthisel* case, a social worker, who was discharged from her employment, claimed that she was discharged because she failed to alter certain patient notes. She claimed that what she was asked to do contravened regulations established by the West Virginia Social Work Board, and that the regulations, in effect, established public policy relating to the handling of patient records. This Court disagreed and, in effect, found that since there was no legislative or other enactment of the type outlined in what became syllabus point 2 of the *Birthisel* opinion, and since there was no specific guidance in the regulations, the employee had failed to establish that her discharge clearly contravened some substantial public policy principle.

In the case presently before the Court, Ms. Bowe has failed to identify any constitutional provision, legislative enactment, legislatively approved regulations, or judicial opinion, which, in this Court's view, establishes a public policy in the contravention of which she was discharged.

The Court further notes that in syllabus point 3 of *McClung v. Marion County Commission,* 178 W.Va. 444, 360 S.E.2d 221 (1987), this Court stated:

> In a retaliatory discharge action, where the plaintiff claims that he or she was discharged for exercising his or her constitutional right(s), the burden is initially upon the plaintiff to show that the exercise of his or her constitutional right(s) was a substantial or a motivating factor for the discharge. The plaintiff need not show that the exercise of the constitutional right(s) was the only precipitating factor for the discharge. The employer may defeat the claim by showing that the employee would have been discharged even in the absence of the protected conduct.

The evidence adduced during the development of the present case substantially cast doubt upon whether Ms. Bowe ever actually made complaints about patient care. During deposition statements, Ms. Bowe indicated that she had not filed a grievance about lack of patient care with the Charleston Area Medical Center's grievance committee. Further, the testimony of Ms. Hess, a head nurse at the Charleston Area Medical Center, indicated that while Ms. Bowe at times complained about her personal situation and about how hard she had been required to work, she had not made complaints about inadequate patient care. Another witness, Anna Max-

well, an in-patient supervisor whose job it was to respond to employee complaints, testified that she had never received any complaint from Ms. Bowe about inadequate patient care on the oncology unit. Finally, Albert Orth, personnel director for the Charleston Area Medical Center, testified that complaints by Ms. Bowe played no part in the decision to terminate her.

To counter Ms. Bowe's argument that her discharge was motivated by the fact that she had made complaints about patient care, the Charleston Area Medical Center introduced substantial evidence showing that Ms. Bowe had been negligent in the care of a particular patient and that her negligence had resulted in a patient falling and sustaining a substantial personal injury. That patient died two days later. An investigation of the incident was conducted by the Charleston Area Medical Center, and that investigation resulted in the Medical Center concluding that Ms. Bowe had been grossly negligent and resulted in her suspension from employment. A further review of the matter resulted in her discharge from employment. It appears that the suspension and discharge were temporally closely connected with the patient's injury and death.

During the proceedings in this case, the Charleston Area Medical Center consistently took the position that Ms. Bowe was discharged because of the patient incident.

■ As indicated in syllabus point 3 of McClung v. Marion County Commission, Id., a plaintiff claiming retaliatory or wrongful discharge must show that the exercise of his or her constitutional rights was a substantial or motivating factor for the discharge. In the present case, in this Court's view the evidence relating to the fact that Ms. Bowe filed a complaint regarding patient care consists of nothing more than her own assertion that she filed such a complaint. That evidence was contradicted by a statement previously made by her during the taking of a deposition, as well as by substantial evidence adduced by the Charleston Area Medical Center. Further, the Court notes that in the McClung case it was indicated that an employer may defeat a claim for retaliatory discharge if the employer can show that the employee

would have been discharged even in the absence of the protected conduct.

In the present case, the Charleston Area Medical Center substantially proved that a patient sustained a significant personal injury due to negligence on the part of Ms. Bowe. It rather clearly appears from the record that the patient injury prompted the personnel investigation which ultimately resulted in Ms. Bowe's discharge. The Charleston Area Medical Center, in essence, proved that it would have discharged Ms. Bowe for her patient neglect even if there had been complaints about patient care or abuse lodged by her.

In this Court's view, patient neglect which resulted in substantial personal injury to the patient was an appropriate basis for personnel action, and it rather clearly appears from the record that Ms. Bowe would have been discharged for that conduct, regardless of what had previously transpired.

In view of the evidence, and in view of the rule set forth in syllabus point 3 of McClung v. Marion County Commission, Id., this Court is of the view that the circuit court erred in failing to grant the Charleston Area Medical Center a directed verdict in this case.

■ The Court notes that after the filing of the amended complaint in this action, Ms. Bowe asserted not only a tortious cause of action grounded in wrongful discharge, but she also claimed that she had been granted certain contractual rights by an employee handbook issued by the Charleston Area Medical Center and that the Charleston Area Medical Center had ignored and violated those contractual rights in discharging her. In the present proceeding, the Charleston Area Medical Center, in addition to challenging the trial court's refusal to grant a directed verdict on the tort claim, claims that the trial court erred in refusing to grant its motion for a directed verdict on the breach of contract claim asserted by Ms. Bowe since any such claim was precluded by this Court's decision in Suter v. Harsco Corp., supra.

■ In Cook v. Heck's, Inc., 176 W.Va. 368, 342 S.E.2d 453 (1986), this Court recognized that under certain circumstances a

discharged employee could have a cause of action for breach of contract if the employer had issued an employee handbook which contained certain definite promises and if the employer did not follow those promises in discharging the employee. In syllabus point 6 of *Cook v. Heck's, Id.,* the Court stated the rule, as follows:

> An employee handbook may form the basis of a unilateral contract if there is a definite promise therein by the employer not to discharge covered employees except for specified reasons.

■ In the later case of *Suter v. Harsco Corp., supra,* this Court was asked to address the question of whether an employee handbook issued by an employer formed the basis of such a unilateral contract if the provisions of the handbook stated that they did not exclusively govern the employee's employment. This Court concluded, in syllabus point 4 of the *Suter* case, that:

> The employer may protect itself from being bound by statements made in an employee handbook by having each prospective employee acknowledge in his employment application that the employment is for no definite period and by providing in the employment handbook that the handbook's provisions are not exclusive.

The Court further stated, in syllabus point 5, that:

> An employer may protect itself from being bound by any and all statements in an employee handbook by placing a clear and prominent disclaimer to that effect in the handbook itself.

It appears that in the present case the Charleston Area Medical Center clearly placed a prominent disclaimer in the handbook which it issued to Ms. Bowe. That disclaimer specifically stated that the handbook was not intended to create any contractual rights. As previously indicated, it said:

> Because of court decisions in some states, it has become necessary for us to make it clear that this handbook is not a part of a contract, and no employee of the Medical Center has any contractual right to the matters set forth in this handbook. In addition, your employment

is subject to termination at any time by either you or by the Medical Center.

This disclaimer was clearly the type of disclaimer contemplated in syllabus point 5 of *Suter v. Harsco Corp., supra,* and in line with the rule set in that syllabus point, this Court must conclude that as a result of including the language in the handbook the Charleston Area Medical Center protected itself from being bound by the statements in the handbook and gave Ms. Bowe no contractual rights as a result of the inclusion of statements in the handbook.

In view of the fact that the handbook failed to establish contractual rights as claimed by Ms. Bowe, this Court believes that the circuit court erred in failing to grant the Charleston Area Medical Center a directed verdict on Ms. Bowe's breach of contract claim which was grounded on the assertion that the handbook had granted her contractual rights.

For the reasons stated, this Court believes that the judgment of the Circuit Court of Kanawha County must be reversed and judgment must be entered for the Charleston Area Medical Center.

Accordingly, this case is reversed and remanded with directions that the circuit court enter judgment for the Charleston Area Medical Center.

Reversed and remanded with directions.